IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
VENCES TRUJILLO d/b/a
VP CONSTRUCTION, CO.,

      Plaintiff,

v.                                                                                   CIV 09-0497 KBM/RLP

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND AS BOND HOLDER
FOR ENGINEERING/REMEDIATION
RESOURCES GROUP,

      Defendant.

# MEMORANDUM OPINION & ORDER

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 11, 13.* Their pleadings do not explain in any detail the pertinent background facts, however, they are available from other sources.

*Background*

The abandoned Nacimiento Mine in Northern New Mexico has continuing groundwater contamination and other problems. For example, New Mexico Environment Department released a memorandum in March 2009 concerning groundwater contamination and abatement plans.[1] This suit, however, was spawned from earlier remediation activities undertaken by the

---

[1] *See* http://www.nmenv.state.nm.us/OOTS/.../PR-Nacimiento-3-12-09.pdf

Engineering / Remediation Resources Group, Inc. ("EERG") on behalf of the United States Forest Service several years ago.[2]  Defendant Fidelity and Deposit Company of Maryland ("Fidelity") holds a payment bond for EERG for some unspecified part of the project.

One of EERG's subcontractors for the project was Robert Gutierrez or Gutierrez Family Corporation d/b/a Gutierrez Excavation and Trucking ("Gutierrez").  Gutierrez and Plaintiff Vences Trujillo d/b/a VP Construction, Co. ("VP"), in turn, entered into a "service agreement" on August 23, 2007.  Generally, the contract called for Gutierrez to supply materials and for Plaintiff to separate and crush them.  *Doc. 2* at 5.  Thus, Plaintiff is the subcontractor of a subcontractor of the general contractor for the remediation project.

The relationship among the players is not only reflected in the allegations in the Complaint in his suit, but also in the state pleadings, federal complaint, Order to Remand entered by Magistrate Judge William P. Lynch and other pleadings in CIV 08-0656 WPL/WDS. The attorneys in Judge Lynch's suit were the same as the attorneys in this suit with Hessel Yntema there representing Gutierrez as well as the bondholder Fidelity, and Joshua Simms representing Plaintiff.

Originally, Gutierrez sued Plaintiff in state court on May 27, 2008 alleging that Plaintiff breached the contract.  *See* CIV 08-0656 (Doc. 3).  On July 3, 2008, Plaintiff filed an answer and a counterclaim alleging that Gutierrez was the party in breach.  That same document also contained a third-party complaint seeking to recover from Defendant Fidelity on the payment bond under the Miller Act, citing to 40 U.S.C. § 270a-e.  *See id.* (Doc. 4).  I note that years

---

[2] See www.errg.net/pdfs/ERG_OvrwTS0209.pdf; www.errg.net/pdfs/ERG_OvrwFD0209.pdf.

before the bond and associated contract at issue were executed, the Miller Act was re-codified at 40 U.S.C. §§ 3131-3134.  *See U.S. ex rel. Cortez III Service Corp. v. PMR Const. Services, Inc.*, 117 Fed. App'x. 661, 662 (10th Cir. 2004).

On July 15, 2008, Plaintiff removed the state action to federal court asserting federal jurisdiction under 28 U.S.C. § 1441(b).  *See id.* (Doc. 1).  Judge Lynch agreed with VP that the federal courts have exclusive jurisdiction over Miller Act claims.  *See id.* (Doc. 24 at 3-4, 7 n. 4). Nevertheless, he remanded the action because removal is not permitted when federal jurisdiction is based solely on a federal defense or counterclaim.  *See id.* at 4-7.  Judge Lynch's order of remand was entered November 19, 2008, and a few days later the state court ordered the state suit reopened.  *See Gutierrez v. Trujillo,* D-1329-CV-200800947 (available online at www.nmcourts.gov/caselookup – docket entry dated 11/24/08).  A motion to dismiss Plaintiff's third-party complaint followed soon thereafter, and it was granted on January 21, 2009 following a hearing on the motion.  *See id.* (docket entries 12/03/8 through 1/22/09).  Presumably the state judge likewise found federal court to have exclusive jurisdiction over any Miller Act claims.  *See Doc. 12* at 2.

Plaintiff did not file a federal action immediately after Judge Lynch's remand or the third-party complaint dismissal in state court.  Instead, he filed the present action on May 19, 2009, exactly six months after Judge Lynch remanded, and some four months after the state judge dismissed the claim.  *See Doc. 1.*

*Analysis*

This case is before me on Defendant Fidelity's motion to dismiss the action with prejudice as untimely.  *See Doc. 6.*  Defendant asserts, and Plaintiff does not dispute that the one-year

Miller Act limitations period governs and that the statute begins to run from Plaintiff's "last day of work" which the parties agree was October 26, 2007.³  *See Doc. 9* at 2-4; *Doc. 12* at 1.  Thus, the Miller Act required that VP file suit before November 2008.  Instead, this federal action was filed May 19, 2009.

Plaintiff nevertheless contends that this action should be considered filed in a timely manner.  VP argues that the Miller Act third-party claim was timely filed in state court on July 3, 2008 before the matter was removed to federal court on July 15, 2008.  *See Doc. 9* at 2-4.  VP argues that because Judge Lynch's remand order did not "dismiss" the Miller Act claim, VP's claim somehow "remained and remains viable" and "has been refilled [sic] properly pursuant this matter before this Court concurrently."  *Doc. 9* at 4.  This argument ignores the state court dismissal of the Miller Act claim on January 20, 2008.

Moreover, I agree with Fidelity that Plaintiff's present federal action is separate from the third-party claim VP filed in the removed action.  Therefore, under Tenth Circuit precedent, it cannot be found to "relate back" for the purposes of establishing the jurisdictional requirement of a timely filed claim.  *See Benge v. U.S.* 17 F.3d 1286, 1288 (10th Cir. 1994) ("a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim"); *see also* Fed. R. Civ. P. 15.

VP alternatively relies on tolling pursuant to within New Mexico's "six-month

---

³ At first blush, it appears that Plaintiff contends that the triggering date was December 31, 2007, the date of VP's demand letter.  A more careful reading shows that this date instead establishes compliance with the Miller Act requirement that the contractor be given notice of the claim "within ninety days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made."  40 U.S.C. § 3133(b)(2).

4

continuation" or "savings" statute:

> If, after the commencement of an action the plaintiff fails therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

*Doc. 9* (quoting N.M. Stat. Ann. § 37-1-14).  The weight of federal authority has long held that filing a claim in state court over which the federal courts have exclusive jurisdiction will not toll a federal statute of limitations.  *See, e.g., Jackson v. Astrue,* 506 F.3d 1349, 1358 (11th Cir. 2007) (and authorities cited therein including Miller Act case).  And, in the context of the Federal Tort Claims Act, the Tenth Circuit rejected application of a similar Oklahoma tolling statute.  *See Pipkin v. United States Postal Service,* 951 F.2d 272, 274 (10th Cir. 1991)("Congress has expressly stated the applicable limitation period for FTCA claims and reference to state law is therefore inappropriate.").  Therefore, I find that the New Mexico savings statute has no bearing on the timeliness issue presented here.  Finally, Plaintiff raises no grounds for equitable tolling, nor does the record reveal any.[4]

   Wherefore,

---

[4] The weight of authority appears split on whether equitable tolling principles are applicable to the Miller Act statute of limitations.  *See, e.g., Highland Renovation Corp. v. Hanover Ins. Group,* 620 F. Supp. 2d 79, 81-82 (D.D.C. 2009) (citing authorities that hold equitable tolling applicable), *compare, e.g., Booth v. Carnival Corp.,* 510 F. Supp. 2d 985, 992 (S.D. Fla. 2007) (discussing analogous cases and holding equitable tolling only applicable if state court where the federal action was filed has concurrent jurisdiction but not venue, and not applicable if state court has no jurisdiction over the claim); *Doc. 12* a 2-3 (and authorities cited therein for the proposition that equitable tolling is inapplicable).  In any event, it is well-settled that attorney miscalculation will not suffice.  *E.g., Broadus v. Hartley,* 2009 WL 2861153 at * 3 (10th Cir. 2009) (citing *Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007) and *Fleming v. Evans,* 481 F.3d 1249, 1255-56 (10th Cir. 2007)).

IT IS HEREBY ORDERED that this action be dismissed with prejudice as time-barred.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent